IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

CRAIG TOWNSEND,

    Plaintiff,

CASE NO. 4:04cv478-RH

v.

CIRCUIT CASE NO. 04-CA-2639

DEPARTMENT OF JUVENILE
JUSTICE, STATE OF FLORIDA,

    Defendants.

_____/

## NOTICE OF REMOVAL

COMES NOW, the Defendant, Department of Juvenile Justice, State of Florida, by and through its undersigned lawyer pursuant to 28 U.S.C. § 1446 and N.D. Fla. Loc. R. 7.2 (a) and files this Notice of Removal and as grounds therefore states:

1. The underlying cause of action is brought under the Family Medical Leave Act (FMLA) of 1993, 29 U.S.C. §§ 2612, 2624 and thereby involves a question of federal law as to the respective rights of the Plaintiff and liability of the Defendant.

2. The parties to the action are:

    Craig Townsend (Plaintiff)

    State of Florida Department of Juvenile Justice (Defendant)

3. The lawsuit was brought in Leon County, Florida and to date, only two summons and complaint have been filed, copies of which are attached. Both the Department of Juvenile

OFFICE OF CLERK
U.S. DISTRICT CT
NORTHERN DIST. FLA.
TALLAHASSEE, FLA.

04 DEC -1 AM 11: 05

FILED

Justice and the Division of Risk Management have been served, apparently on November 10, 2004 and this notice of removal complies with the requirements set forth in 28 U.S.C. § 1446 (b).

4. Plaintiff demanded trial by jury in the state court action.

5. All Defendants consent to removal.

6. This notice of removal complies with the provisions of 28 U.S.C. § 1446. An FMLA action may be removed even after commencement of an action in state court. <u>Ladner v. Alexander and Alexander, Inc.</u>, 879 F. Supp. 598 (W.D. LA 1995). The federal district court has original jurisdiction of this cause of action.

Respectfully submitted this 30th day of November 2004.

_____
ALBERT C. PENSON
Fla. Bar ID: 334510
Penson, Padgett & Conrad, P.A.
2810 Remington Green Circle
Tallahassee, Florida 32308
(850) 561-8000
(850) 561-8030 Facsimile
Attorney for Defendant

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished by hand delivery to Marie A. Mattox, Esquire, Marie A. Mattox, P.A., 310 East Bradford Road, Tallahassee, Florida 32303 on this 30th day of November, 2004.

_____
ALBERT C. PENSON

IN THE CIRCUIT COURT OF THE
SECOND JUDICIAL CIRCUIT, IN
AND FOR LEON COUNTY, FLORIDA

CRAIG TOWNSEND,

    Plaintiff,

Case No. 04-CA 2689

vs.

DEPARTMENT OF JUVENILE JUSTICE,
STATE OF FLORIDA,

# Summons

    Defendant.

_____/

ROBERT I. WOOTEN ID #052   JAKE LORD ID #067
CERTIFIED PROCESS SERVER
SECOND JUDICIAL CIRCUIT COURT OF FLORIDA
DATE SERVED 11-10-04 TIME 10:54 Am

THE STATE OF FLORIDA:

To Each Sheriff of the State:

    YOU ARE COMMANDED to serve this summons and a copy of the complaint or petition in this action on Defendant:

**FLORIDA DEPARTMENT OF JUVENILE JUSTICE**
c/o Senator William G. Bankhead, Secretary
2737 Centerview Drive, Suite 307
Tallahassee, FL 32399-3100

    Each defendant is required to serve written defenses to the complaint or petition on **Marie A. Mattox, P. A.**, Plaintiff's attorney, whose address is **310 East Bradford Road, Tallahassee, FL 32303**, within 20 days after service of this summons on that defendant, exclusive of the day of service, and to file the original of the defenses with the clerk of this court, either before serve on plaintiff's attorney or immediately thereafter. If a defendant fails to do so, a default will be entered against that defendant for the relief demanded in the complaint or petition.

    DATED on _____11.2_____, 2004.

BOB INZER, CLERK
CLERK OF THE CIRCUIT COURT

_____
Deputy Clerk

IN THE CIRCUIT COURT OF THE
SECOND JUDICIAL CIRCUIT, IN
AND FOR LEON COUNTY, FLORIDA

CRAIG TOWNSEND,

    Plaintiff,

                                   Case No. 04-CA 2639

vs.

DEPARTMENT OF JUVENILE JUSTICE,
STATE OF FLORIDA,

## Summons

    Defendant.
_____/

THE STATE OF FLORIDA:

To Each Sheriff of the State:

    YOU ARE COMMANDED to serve this summons and a copy of the complaint or petition in this action on Defendant:

**Division of Risk Management**
**Department of Financial Service**
**200 East Gaines Street**
**Tallahassee, FL 32399**

    Each defendant is required to serve written defenses to the complaint or petition on Marie A. Mattox, P. A., Plaintiff's attorney, whose address is 310 East Bradford Road, Tallahassee, FL 32303, within 20 days after service of this summons on that defendant, exclusive of the day of service, and to file the original of the defenses with the clerk of this court, either before serve on plaintiff's attorney or immediately thereafter. If a defendant fails to do so, a default will be entered against that defendant for the relief demanded in the complaint or petition.

    DATED on ___11. 2___, 2004.

                                  **BOB INZER, CLERK**

                                  CLERK OF THE CIRCUIT COURT

                                  By:_____
                                      Deputy Clerk

[Stamp: ROBERT I WOOTEN ID #052  JAKE LORD ID #067 CERTIFIED PROCESS SERVER SECOND JUDICIAL CIRCUIT COURT OF FLORIDA DATE SERVED 11-10-04  TIME 11:03]

[Stamp: 2004 NOV 10 PM — SERVICE OF PROCESS — RECEIVED BY FLORIDA INSURANCE COMMISSIONER]

IN THE CIRCUIT COURT OF THE
SECOND JUDICIAL CIRCUIT, IN
AND FOR LEON COUNTY, FLORIDA

CASE NO.: 04- CA 2439
FL. BAR NO.: 0739685

CRAIG TOWNSEND,

    Plaintiff,

vs.

DEPARTMENT OF JUVENILE
JUSTICE, STATE OF FLORIDA,

    Defendant.

_____/

## COMPLAINT

Plaintiff, CRAIG TOWNSEND, hereby sues Defendant, DEPARTMENT OF JUVENILE JUSTICE, STATE OF FLORIDA, and alleges:

1. This is an action for damages that exceed Fifteen Thousand Dollars ($15,000.00).

2. This action is brought pursuant to the Family Medical Leave Act (FMLA) of 1993, 29 U.S.C. §§2612, 2624. Jurisdiction is conferred on this Court pursuant to 29 U.S.C. §2617(a)(2).

3. Declaratory, injunctive, legal and equitable relief are sought pursuant to the laws set forth above together with attorneys fees, costs and damages.

4. At all times pertinent hereto, Plaintiff, CRAIG TOWNSEND, has been a resident of Leon County, Florida and was employed by Defendants. He is thus sui juris.

5. At all times pertinent hereto, Defendant, DEPARTMENT OF JUVENILE JUSTICE, STATE OF FLORIDA, has been conducting business in the State of Florida and, in particular, in Leon County, Florida. At all times pertinent hereto, Defendant have been an "employer" as that term

is used under the applicable laws identified above. Specifically, Defendant has been engaged in commerce and/or in an industry affecting commerce and employed 50 or more employees for each working day during each of 20 or more calendar workweeks in 2001 and 2002.

6. Plaintiff was first employed with Defendant in June 1998, as an Operations Management Consultant II. In or about January 2003, Plaintiff began taking leave under the FMLA leave to care for his father. Plaintiff was approved for the full twelve weeks of leave allowed under the FMLA.

7. While Plaintiff was still out on FMLA leave, he received a telephone call on March 3, 2003 from Leeann Thomas, Plaintiff's supervisor, advising him that "we have a problem," and suggesting that his activities were inconsistent with the FMLA leave. She then instructed Plaintiff to return back to work by March 10, 2003, which Plaintiff did. Plaintiff worked until April 11, 2003, and in a meeting with Thomas on that date, he was given two memoranda, one saying he was being fired and one saying he was quitting.

8. At that time, Plaintiff was advised that he had to select one of these options. Plaintiff had done nothing to be terminated for and he advised Defendant that he was not resigning. Plaintiff was then terminated. During the April 11, 2003 meeting, in which Thomas and Laura Jennings (Purchasing Director) were present with Plaintiff, Thomas told Plaintiff that he was being fired due to "legislative cutbacks", and that she knew "these things" since she had worked in legislative affairs for Defendant. Plaintiff, being skeptical of this excuse for his termination, asked if that was the "real reason" for his termination to which Thomas replied: "Well, that's how we're going to play it." Thomas' comment makes it clear the stated reason was patently pretextual.

2

9. At the time of his termination, Plaintiff had a flawless employment record with Defendant.

10. Plaintiff has retained the undersigned to represent his interests in this action and is obligated to pay her a reasonable fee for her services. Defendants should be made to pay said fee and any costs affiliated with this action and any underlying administrative process.

## COUNT I

### VIOLATION OF THE FAMILY MEDICAL LEAVE ACT

11. Paragraphs 1-10 are incorporated herein by reference.

12. This is an action against Defendant for retaliatory actions against Plaintiff after he took leave under the FMLA.

13. In February, 2003, Plaintiff availed himself of a right protected by the FMLA by requesting and taking leave due to a serious medical condition of a family member. During the time that Plaintiff was out on leave, he was requested to return short of the leave requested and then terminated after he returned for no legitimate reason.

14. Plaintiff was denied rights and benefits conferred by the FMLA and was terminated after requesting and taking leave.

15. As a direct and proximate cause of Defendant's willful, wanton, and malicious acts described in part above, Plaintiff has sustained damages for the loss of his employment, as well as the security and peace of mind it provided him. Plaintiff has sustained mental, nervous, and emotional injury. Plaintiff has incurred additional damages including lost wages, pain and suffering, mental anguish, loss of capacity for the enjoyment of life, and other damages attendant with the loss

3

of his job. These damages have occurred in the past, are occurring at present and will continue in the future.

16. Defendant's violations of the FMLA were willful.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for the following relief:

(a) that process issue and this Court take jurisdiction over this case;

(b) that this Court grant equitable relief against Defendant under the applicable counts set forth above, mandating Defendant's obedience to the laws enumerated herein and providing other equitable relief to Plaintiff;

(c) enter judgment against Defendant and for Plaintiff awarding damages to Plaintiff from Defendant for Defendant's violations of law enumerated herein;

(d) enter judgment against Defendant and for Plaintiff permanently enjoining Defendant from future violations of federal law enumerated herein;

(e) enter judgment against Defendants and for Plaintiff awarding Plaintiff attorney's fees and costs;

(f) award Plaintiff interest and liquidated damages; and

(g) grant such other further relief as being just and proper under the circumstances.

## DEMAND FOR TRIAL BY JURY

Plaintiff hereby demands a trial by jury on all issues set forth herein which are so triable.

Dated this ____ day of November, 2004.

4

Respectfully submitted,

_____
Marie A. Mattox [FBN 0739685]
MARIE A. MATTOX, P.A.
310 East Bradford Road
Tallahassee, FL 32303
Telephone: (850) 383-4800
Facsimile: (850) 383-4801

ATTORNEYS FOR PLAINTIFF